**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CONNOR PALUSH | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | No. |
| | : | |
| APPLE INC., AT&T MOBILITY, LLC | : | |
| d/b/a AT&T WIRELESS, AT&T MOBILITY | : | |
| SERVICES, LLC d/b/a AT&T WIRELESS, | : | |
| AT&T MOBILITY SUPPLY, LLC, AND | : | |
| AT&T MOBILITY CORP. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S CIVIL COMPLAINT**

AND NOW, comes Plaintiff Connor Palush, by and through his attorneys, Atlee Hall,

LLP, and files the following Complaint and states as follows:

**PARTIES TO THE CAUSES OF ACTION**

1.     Plaintiff Connor Palush is an adult individual residing at 280 Foulkes Mill Road,

Quakertown, Pennsylvania 18951.

2.     Defendant Apple Inc. (hereinafter "Apple") is a technology company located at 1

Apple Park Way, Cupertino, California 95014. Defendant Apple is in the business of designing,

manufacturing, fabricating, selling, distributing, servicing and/or installing electronic wireless

devices and cellular phones. Defendant Apple does significant business in and has substantial

contacts with the Commonwealth of Pennsylvania through various retail locations in

1

Philadelphia County, including the Apple Store at 1607 Walnut Street, Philadelphia, Pennsylvania 19103, and Bucks County, including the Apple Store at Willow Grove Park Mall, 2500 West Moreland Road, Willow Grove, Pennsylvania 19090.

3.     Defendant Apple is subject to the jurisdiction of this Court and can be served through its registered agent, CT Corporation System, Allegheny.

4.     Defendant AT&T Mobility, LLC d/b/a AT&T Wireless (hereinafter "AT&T Mobility, LLC") is a phone service provider and phone retailer with a principal place of business at 1025 Lenox Park Boulevard, Atlanta, Georgia 30319. Defendant AT&T Mobility, LLC does business in the Commonwealth of Pennsylvania through a registered agent and eighteen different corporately-owned locations through which Defendant maintains significant contacts with and does significant retail business in Pennsylvania.

5.     At all times material hereto, Defendant AT&T Mobility, LLC operated, managed, maintained, controlled, and oversaw the business operations of the AT&T defendants and regularly maintained contact with the Commonwealth of Pennsylvania and regularly conducted business in Pennsylvania. Defendant AT&T Mobility, LLC is subject to the jurisdiction of this Court and can be served through its registered agent, CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

6.     Defendant AT&T Mobility Services, LLC d/b/a AT&T Wireless (hereinafter "AT&T Mobility Services") is a phone service provider and phone retailer, with a principal place of business at 1025 Lenox Park Boulevard, Atlanta, Georgia 30319. Defendant AT&T Mobility Services does business in the Commonwealth of Pennsylvania through a registered agent and

eighteen different corporately-owned locations through which Defendant maintains significant contacts with and does significant retail business in Pennsylvania.

7.      At all times material hereto, Defendant AT&T Mobility Services operated, managed, maintained, controlled, and oversaw the business operations of the AT&T defendants and regularly maintained contact with the Commonwealth of Pennsylvania and regularly conducted business in Pennsylvania. Defendant AT&T Mobility Services is subject to the jurisdiction of this Court and can be served through its registered agent, CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

8.      Defendant AT&T Mobility Supply, LLC, is a phone service provider and phone retailer, with a principal place of business at 1025 Lenox Park Boulevard, Atlanta, Georgia 30319. Defendant AT&T Mobility Supply, LLC does business in the Commonwealth of Pennsylvania through a registered agent and eighteen different corporately-owned locations through which Defendant maintains significant contacts with and does significant retail business in Pennsylvania.

9.      At all times material hereto, Defendant AT&T Mobility Supply, LLC, operated, managed, maintained, controlled, and oversaw the business operations of the AT&T defendants and regularly maintained contact with the Commonwealth of Pennsylvania and regularly conducted business in Pennsylvania. Defendant AT&T Mobility Supply, LLC, is subject to the jurisdiction of this Court and can be served through its registered agent, CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

10.     Defendant AT&T Mobility Corp. is a phone service provider and phone retailer, with a principal place of business at 1025 Lenox Park Boulevard, Atlanta, Georgia 30319.

Defendant AT&T Mobility Corp. does business in the Commonwealth of Pennsylvania through a registered agent and eighteen different corporately-owned locations through which Defendant maintains significant contacts with and does significant retail business in Pennsylvania.

11.     At all times material hereto, Defendant AT&T Mobility Corp. operated, managed, maintained, controlled, and oversaw the business operations of the AT&T defendants and regularly maintained contact with the Commonwealth of Pennsylvania and regularly conducted business in Pennsylvania.

12.     Defendant AT&T Mobility Corp. is subject to the jurisdiction of this Court and can be served through its registered agent, CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

13.     At all times hereinafter, Defendants, AT&T Mobility, LLC d/b/a AT&T Wireless; AT&T Mobility Services, LLC d/b/a AT&T Wireless; AT&T Mobility Supply, LLC; and AT&T Mobility Corp., will be collectively referred to as "Defendant AT&T," unless otherwise specified.

14.     Defendant AT&T owns Store 890, which is a cellular phone service provider and phone retailer with an address of 1465 West Broad Street, Suite 16, Quakertown, Pennsylvania 18951.

15.     It is believed and therefore averred that Defendant AT&T's Store 890 sold and/or otherwise provided Plaintiff with the Apple iPhone 6s at issue in this case.

## STATEMENT OF JURISDICTION AND VENUE

16.     The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332 based on diversity of citizenship and an amount in controversy that exceeds $75,000.00 exclusive of interest and costs.

17.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a)(2) because Bucks County is the county in which the events took place giving rise to this action.

## STATEMENT OF MATERIAL FACTS

18.     Sometime prior to October 2017, Defendants, Apple Inc. and AT&T, designed, manufactured, sold and/or caused to be placed into the stream of commerce an Apple iPhone 6s, which is the subject of this Complaint.

19.     In or about October 2017, Plaintiff received the Apple 6s cell phone, which his parents purchased new from Defendant AT&T's Store 890, located at 1465 West Broad Street, Suite 16, Quakertown, Pennsylvania 18951.

20.     On or about October 22, 2017, Plaintiff had the subject Apple iPhone 6s in his front pocket while sitting on his bed in his bedroom and playing video games with his brother, James.

21.     Suddenly and without warning, the Apple iPhone 6s burst into flames and/or exploded due to a defective condition of the phone and/or its battery.

22.     Plaintiff immediately removed his burning pants and discovered second and third degree burns in the form of the subject iPhone on his right thigh.

23.     At all times material hereto, Plaintiff used the subject iPhone for the purpose for which it was intended to be used and/or in a reasonably foreseeable manner.

24.     At all times material hereto, Plaintiff's expectations for this Apple iPhone did not include having it spontaneously and without warning burst into flames and severely burn his body.

25.     As a direct and proximate result of the liability-producing conduct of Defendants, Plaintiff suffered, continues to suffer, and will likely permanently suffer from severe burns, scarring, pain, and deformity.

26.     As a direct and proximate result of the liability-producing conduct of Defendants, Plaintiff suffered and will continue to suffer an inability to engage in his usual and customary hobbies, duties and/or responsibilities and a loss of life's pleasures.

27.     As a direct and proximate result of the liability-producing conduct of Defendants, Plaintiff has suffered and may continue to suffer from emotional and/or physical pain, suffering, humiliation, embarrassment and the loss of life's pleasures.

28.     As a direct and proximate result of the liability-producing conduct of Defendants, Plaintiff was and may continue to be forced to spend money and incur obligations, expenses and medical bills.

## COUNT I

## CONNOR PALUSH v. APPLE, INC.

## NEGLIGENCE

29.     Paragraphs 1 through 28 are incorporated herein by reference.

30.     The aforesaid incident was caused by the negligence, carelessness and/or recklessness of Defendant Apple, acting through its agents and employees by:

        a.      Failing to properly test, distribute and sell the subject iPhone;

b.      Failing to provide proper and adequate training regarding the operation, use, and safety of the subject iPhone;

c.      Failing to adopt and/or incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and/or misuses;

d.      Failing to provide adequate warnings, instructions, and/or directions regarding the safe use, operation, maintenance and/or servicing of the subject iPhone;

e.      Failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its foreseeable users and operators;

f.      Failing to properly and adequately test and inspect the subject iPhone for defects;

g.      Issuing inadequate and/or incorrect instructions or warnings relative to use and maintenance of the subject iPhone;

h.      Failing to minimize foreseeable hazards and risks of injury associated with foreseeable uses and/or misuses of the subject iPhone;

i.      Failing to adequately assess and evaluate the dangers and hazards associated with foreseeable uses and/or misuses of the subject iPhone;

j.      Failing to timely and properly inspect the subject iPhone under the circumstances, both known and knowable to Defendant Apple;

k.      Failing to conduct adequate studies, tests and inspections of the subject iPhone;

l.      Failing to properly train and instruct Plaintiff on the safe use and operation of the subject iPhone after it was designed and manufactured by Defendant;

m.      Failing to discover or take proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

n.      Failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design,

development, manufacture, assembly, installation, distribution, lease or sale of the subject iPhone and/or its components;

o.      Failing to maintain proper and adequate quality control or assurance procedures, testing, inspections, and/or monitoring, in regard to the third-party vendors and/or suppliers who supplied components for the subject iPhone;

p.      Failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendant knew, or in the exercise of due care, should have known existed; and

q.      Failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced.

31.      As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff suffered, continues to suffer, and will likely permanently suffer from severe burns, scarring, pain, and deformity.

32.      As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff suffered and will continue to suffer an inability to engage in his usual and customary hobbies, duties and/or responsibilities and a loss of life's pleasures.

33.      As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff has suffered and may continue to suffer from emotional and/or physical pain, suffering, humiliation, embarrassment and the loss of life's pleasures.

34.      As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff was and may continue to be forced to spend money and incur obligations, expenses and medical bills.

WHEREFORE, Plaintiff Connor Palush demands judgment in his favor and against Defendant Apple Inc., individually, jointly, severally and/or in the alternative, for damages in an

amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such other

costs, interest and relief as this Honorable Court deems just.

## COUNT II

## CONNOR PALUSH v. APPLE, INC.

## STRICT LIABILITY

35.     Paragraphs 1 through 34 are incorporated herein by reference.

36.     The subject iPhone was in a defective and unsafe condition when the phone left

the control of Defendant Apple and was unsafe for its reasonably foreseeable and intended uses.

37.     The subject iPhone was used in the manner in which it was intended and/or a

reasonably foreseeable manner.

38.     The subject iPhone did not meet or perform to the expectations of a reasonable

consumer such as Plaintiff, and the risks of the subject iPhone to consumers outweigh its

benefits.

39.     The subject iPhone was unreasonably dangerous and defective pursuant to the

doctrines of strict liability as established by Pennsylvania law and the Restatement (Second) of

Torts §402A.

40.     Defendant Apple's defective design, manufacture, distribution and selling of the

subject iPhone was a direct, proximate and producing cause of Plaintiff's injuries and damages.

Under Section 402A, Restatement (Second) of Torts, Defendant Apple is strictly liable for all

damages claimed.

41.     As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff suffered, continues to suffer, and will likely permanently suffer from severe burns, scarring, pain, and deformity.

42.     As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff suffered and will continue to suffer an inability to engage in his usual and customary hobbies, duties and/or responsibilities and a loss of life's pleasures.

43.     As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff has suffered and may continue to suffer from emotional and/or physical pain, suffering, humiliation, embarrassment and the loss of life's pleasures.

44.     As a direct and proximate result of the liability-producing conduct of Defendant Apple, Plaintiff was and may continue to be forced to spend money and incur obligations, expenses and medical bills.

WHEREFORE, Plaintiff Connor Palush demands judgment in his favor and against Defendant Apple Inc., individually, jointly, severally and/or in the alternative, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such other costs, interest and relief as this Honorable Court deems just.

## COUNT III

### CONNOR PALUSH v. AT&T MOBILITY, LLC d/b/a AT&T WIRELESS; AT&T MOBILITY SERVICES, LLC d/b/a AT&T WIRELESS; AT&T MOBILITY SUPPLY, LLC; and AT&T MOBILITY CORP.

### NEGLIGENCE

45.     Paragraphs 1 through 44 are incorporated herein by reference.

46.     The aforesaid incident was caused by the negligence, carelessness and/or recklessness of Defendant AT&T, acting through its agents and employees by:

a.     Failing to properly test, distribute and sell the subject iPhone;

b.     Failing to provide proper and adequate training regarding the operation, use, and safety of the subject iPhone;

c.     Failing to adopt and/or incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and/or misuses;

d.     Failing to provide adequate warnings, instructions, and/or directions regarding the safe use, operation, maintenance and/or servicing of the subject iPhone;

e.     Failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its foreseeable users and operators;

f.     Failing to properly and adequately test and inspect the subject iPhone for defects;

g.     Issuing inadequate and/or incorrect instructions or warnings relative to use and maintenance of the subject iPhone;

h.     Failing to minimize foreseeable hazards and risks of injury associated with foreseeable uses and/or misuses of the subject iPhone;

i.     Failing to adequately assess and evaluate the dangers and hazards associated with foreseeable uses and/or misuses of the subject iPhone;

j.     Failing to timely and properly inspect the subject iPhone under the circumstances, both known and knowable to Defendant AT&T;

k.     Failing to conduct adequate studies, tests and inspections of the subject iPhone;

l.     Failing to properly train and instruct Plaintiff on the safe use and operation of the subject iPhone after it was designed, manufactured and/or sold by Defendant;

m.     Failing to discover or take proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

n.     Failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development, manufacture, assembly, installation, distribution, lease or sale of the subject iPhone and/or its components;

o.     Failing to maintain proper and adequate quality control or assurance procedures, testing, inspections, and/or monitoring, in regard to the third-party vendors and/or suppliers who supplied components for the subject iPhone;

p.     Failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendant knew, or in the exercise of due care, should have known existed; and

q.     Failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced.

47.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff suffered, continues to suffer, and will likely permanently suffer from severe burns, scarring, pain, and deformity.

48.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff suffered and will continue to suffer an inability to engage in his usual and customary hobbies, duties and/or responsibilities and a loss of life's pleasures.

49.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff has suffered and may continue to suffer from emotional and/or physical pain, suffering, humiliation, embarrassment and the loss of life's pleasures.

50.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff was and may continue to be forced to spend money and incur obligations, expenses and medical bills.

WHEREFORE, Plaintiff Connor Palush demands judgment in his favor and against Defendants, AT&T Mobility, LLC d/b/a AT&T Wireless; AT&T Mobility Services, LLC d/b/a AT&T Wireless; AT&T Mobility Supply, LLC; and AT&T Mobility Corp., individually, jointly, severally and/or in the alternative, for damages each in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such other costs, interest and relief as this Honorable Court deems just.

## COUNT IV

### CONNOR PALUSH v. AT&T MOBILITY, LLC d/b/a AT&T WIRELESS; AT&T MOBILITY SERVICES, LLC d/b/a AT&T WIRELESS; AT&T MOBILITY SUPPLY, LLC; and AT&T MOBILITY CORP.

### STRICT LIABILITY

51.     Paragraphs 1 through 50 are incorporated herein by reference.

52.     The subject iPhone was in a defective and unsafe condition when the phone left the control of Defendant AT&T and was unsafe for its reasonably foreseeable and intended uses.

53.     The subject iPhone was used in the manner in which it was intended and/or a reasonably foreseeable manner.

54.     The subject iPhone did not meet or perform to the expectations of a reasonable consumer such as Plaintiff, and the risks of the subject iPhone to consumers outweigh its benefits.

55.     The subject iPhone was unreasonably dangerous and defective pursuant to the doctrines of strict liability as established by Pennsylvania law and the Restatement (Second) of Torts §402A.

56.     Defendant AT&T's defective design, manufacture, distribution, and/or selling of the subject iPhone was a direct, proximate and producing cause of Plaintiff's injuries and damages. Under Section 402A, Restatement (Second) of Torts, Defendant AT&T is strictly liable for all damages claimed.

57.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff suffered, continues to suffer, and will likely permanently suffer from severe burns, scarring, pain, and deformity.

58.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff suffered and will continue to suffer an inability to engage in his usual and customary hobbies, duties and/or responsibilities and a loss of life's pleasures.

59.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff has suffered and may continue to suffer from emotional and/or physical pain, suffering, humiliation, embarrassment and the loss of life's pleasures.

60.     As a direct and proximate result of the liability-producing conduct of Defendant AT&T, Plaintiff was and may continue to be forced to spend money and incur obligations, expenses and medical bills.

WHEREFORE, Plaintiff Connor Palush demands judgment in his favor and against Defendants, AT&T Mobility, LLC d/b/a AT&T Wireless; AT&T Mobility Services, LLC d/b/a

AT&T Wireless; AT&T Mobility Supply, LLC; and AT&T Mobility Corp., individually, jointly,

severally and/or in the alternative, for damages in an amount in excess of

Seventy-Five Thousand Dollars ($75,000.00), together with such other costs, interest and relief

as this Honorable Court deems just.

Respectfully submitted:

Dated: 4/21/20

ATLEE HALL, LLP

By: _____
      Mark C. Atlee, Esquire
      mcatlee@atleehall.com
      PA 204627
      415 North Duke Street
      Lancaster, PA  17602
      (717) 393-9596
      Attorney for Plaintiff